# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

BRIAN PAUL JACKSON,

      Plaintiff,

                                      Case No. 09-14089

v.                                      Hon. Gerald E. Rosen

                                      Magistrate Judge Virginia M. Morgan

COMMISSIONER OF
SOCIAL SECURITY,

      Defendant.

_____/

## ORDER ADOPTING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

      At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on       February 28, 2011

      PRESENT: Honorable Gerald E. Rosen
                        Chief Judge, United States District Court

      On August 18, 2010, Magistrate Judge Virginia M. Morgan issued a Report and Recommendation ("R & R") recommending that the Court grant the Defendant Commissioner of Social Security's motion for summary judgment and deny Plaintiff Brian Paul Jackson's motion for summary judgment. On September 1, 2010, Plaintiff filed objections to the R & R, and Defendant responded to these objections on September 14, 2010. The Court has now reviewed the R & R, Plaintiff's objections, Defendant's response, the parties' underlying motions, and the record as a whole. For the reasons set forth briefly below, the Court finds no merit in Plaintiff's objections, and therefore adopts

the Magistrate Judge's R & R as the opinion of this Court.

As his first objection to the R & R, Plaintiff reasserts his challenge to the determination of his residual functional capacity ("RFC") by the Administrative Law Judge ("ALJ"), arguing (as in his underlying summary judgment motion) that this RFC failed to account for all of the symptoms arising from his medical conditions and all of the side effects of his medications.  As explained by the Magistrate Judge, however, the proper task of the ALJ is not to thoroughly catalog each of a claimant's conditions and medications, but to "address[] the *limiting effects* of [the claimant's] combination of impairments."  (R & R at 8 (emphasis added).)  In his underlying motion, Plaintiff mentioned fatigue and loss of stamina as byproducts of his sleep apnea and obesity, and he referred generally to the "side effects" of his medication as impacting his RFC, (*see* Plaintiff's Summary Judgment Motion, Br. in Support at 12, 16), but in neither instance did he specifically point to record evidence of particular limitations that should have been incorporated into his RFC but were not.  Similarly, in the present objections, Plaintiff mentions only the dizziness he suffers as a result of his blood pressure medication, speculating that this side effect "would probably preclude full time continuous competitive employment."  (Plaintiff's Objections at 2.)[1]  Yet, in the cited portion of his hearing testimony where he mentions this side effect, Plaintiff states that he experiences this dizziness when he rises quickly, especially from a lying position, and that he can

---

[1] The Court notes that this specific side effect was identified for the first time in Plaintiff's objections, and not in his underlying motion.

mitigate this problem by rising slowly. (*See* Admin. Record at 37.) Plaintiff fails to explain how this testimony, if fully credited, would be inconsistent with the RFC determined by the ALJ, nor is any such inconsistency evident to the Court. Accordingly, the Court rejects this challenge to the ALJ's determination of Plaintiff's RFC.

Next, Plaintiff argues that the Magistrate Judge erred in finding that the ALJ identified sufficient reasons for giving less than controlling weight to the opinion of Plaintiff's treating physician, Dr. Rosemarie Tolson. In particular, Plaintiff contends that Dr. Tolson's opinion as to his limitations is supported by a variety of objective medical findings, but that the ALJ paid insufficient heed to these findings in discounting Dr. Tolson's opinion. Yet, while it is true that aspects of Dr. Tolson's opinion are supported by objective medical findings, the ALJ did not reject the totality of this opinion. Rather, the ALJ determined only that the medical record failed to "support the extreme limitations set forth in [Dr. Tolson's] opinions." (Admin. Record at 18.) For the reasons stated at length by the Magistrate Judge, (*see* R & R at 14-18), the Court finds that the ALJ gave sufficient reasons for declining to adopt certain of the more severe and work-preclusive limitations found in Dr. Tolson's opinion.

Finally, Plaintiff challenges the Magistrate Judge's determination that the ALJ committed only harmless error in referring to a job Plaintiff never held — *i.e.,* a "retail cashier" position — as past relevant work that Plaintiff was capable of performing. Yet, as the Magistrate Judge observed, it appears evident from the record that the ALJ mistakenly made reference to a "retail cashier" position, when he meant to refer to

Plaintiff's past work as a call center operator. (*See* R & R at 19.) In any event, Defendant correctly notes that even if it were determined that the ALJ erred in finding that Plaintiff could perform his past relevant work, the ALJ plainly could have relied instead on the testimony of the vocational expert as recounted in the ALJ's own decision, (*see* Admin. Record at 18) — namely, that there were approximately 30,000 sedentary, unskilled jobs in the region that were consistent with Plaintiff's RFC. Indeed, it appears from the record that the ALJ might well have intended to rely on this testimony as an alternative basis for his decision, and Plaintiff has failed to suggest any infirmity in this finding.

     Accordingly,

NOW, THEREFORE, IT IS HEREBY ORDERED that the Magistrate Judge's August 18, 2010 Report and Recommendation, as supplemented by the above rulings, is ADOPTED as the opinion of this Court. IT IS FURTHER ORDERED that, for the reasons stated in the R & R and set forth above, Defendant's motion for summary judgment (docket #11) is GRANTED, and Plaintiff's motion for summary judgment (docket #10) is DENIED.

                                 s/Gerald E. Rosen
                                 Chief Judge, United States District Court

Dated: February 28, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 28, 2011, by electronic and/or ordinary mail.

                                 s/Ruth A. Gunther
                                 Case Manager